## Serenado Manufacturing Co. v. Sensenig.

*Contract—Signing without reading—Oral inducement—Agency—Foreign contract.*

1. A party who signed a contract without reading it himself, but after requesting that it be read to him, cannot defend on the ground that his signature was fraudulently obtained, because certain paragraphs were not read and certain oral misrepresentations were made, where he does not allege that he was unable to read or prevented from reading it, and one of the paragraphs read to him stated that the instrument contained the entire agreement.

*Fictitious name—Foreign contracts—Act of June 28, 1917.*

2. A contract solicited by an agent in this State and requiring approval by his principal in Iowa to complete it, where the goods covered by it were shipped f. o. b., does not constitute conducting business in this State within the Fictitious Name Act of June 28, 1917, P. L. 645.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Nov. T., 1920, No. 15.

*B. C. Atlee*, for rule; *Willis G. Kendig*, contra.

HASSLER, J., Jan. 15, 1921.—The plaintiff seeks to recover in this case the amount of five promissory notes, each for $55, given to it by the defendant on Feb. 25, 1920.

In his affidavit of defence the defendant admits giving the notes, but resists payment of them because, as he alleges, they were fraudulently obtained from him by an agent for the plaintiff. The facts upon which he relies to show this appearing in the affidavit of defence are as follows: On or about Feb. 25, 1920, H. M. Marx, an agent of plaintiff, called upon him, and stated that he had an interesting proposition in talking machines. "Defendant, being engaged at the time, asked the said H. M. Marx to read the contract which he, Marx, proposed the defendant should enter into with plaintiff's company." That the agent then read all the contract except paragraph 6 and paragraph 17, and told the defendant to sign the same. The five promissory notes were attached to it and signed at the same time. He also alleged "that the notes were signed without being dated, and at the time of the signing of the same said agent told the defendant that the said notes were not to be negotiated unless defendant failed to comply with his part of the contract." The defendant admits the signing of the contract. The 16th paragraph of it is that "It is mutually agreed between the parties hereto that this instrument contains the entire agreement covering this transaction." This was read to him, and he does not deny that he knew it was in the contract. By the terms of the contract the defendant was given one Serenado talking machine as a sample, with a number of disks, needles, supplies and advertising matter. He was to obtain advertising matter and help in selling the machines and additional talking machines at an agreed price, and he was to have certain other

1 D. & C.

Serenado Manufacturing Co. v. Sensenig.

advantages. In paragraph 17 it is stated that the defendant agreed to pay the said five promissory notes given with the contract in consideration of what he received under the contract. In paragraph 6 it was agreed that the amount so paid was to be returned with interest if defendant in fifteen months had not sold twenty-six machines and returned the sample machine properly boxed and shipped in reasonably good condition.

The defendant does not allege that he was unable to read, or that he was prevented from reading the contract by any act of the plaintiff's agent. There are numerous cases that decide that where a party cannot read, or was prevented from reading a contract, he may show by parol evidence that it was not read to him, and that its contents were misrepresented to him by the other party at or before it was signed, when the defendant in this case, who does not allege that he cannot read, or that he was prevented from reading, signed this contract, it was his solemn agreement, and cannot, in the absence of fraud, accident or mistake, be changed or varied by anything that was said or done at or before its execution. He admits that the paragraph which says that the written contract contains the whole of the agreement between the parties to it was read to him, or at least does not deny that it was. So that he cannot avoid liability on the notes because of anything that the agent of the plaintiff said about their not being negotiated. He agreed in signing the contract that it contained the whole agreement between the plaintiff and himself, and permitted it to be sent to the plaintiff for approval on that condition. He does not even claim that this alleged promise of the agent was omitted from the contract by any fraud, accident or mistake.

We do not think that it makes any difference to the defendant in this proceeding that the two paragraphs referred to were not read to him, as there is nothing in them to show that the defendant was not to pay the notes when they came due. If they were omitted from the contract entirely, the defendant would not be relieved from paying them. He obtained property and advantages through the contract, and for the same gave the notes and must pay them, in the absence of any condition in the contract that would produce that result. No such condition is in the contract with or without these two paragraphs, which he alleges were not read.

Nor do we think the Act of June 28, 1917, P. L. 645, prevents the plaintiff from recovery. It provides that no individual or individuals shall carry on or conduct any business in this Commonwealth under an assumed name. The contract, which is made part of defendant's affidavit of defence, shows that the plaintiff did not carry on or conduct business in the State of Pennsylvania under an assumed name. The contract was solicited by plaintiff's agent in this State, and it was signed by the defendant here, but it was not to be a complete contract until the plaintiff approved it at the place where it was engaged in business, viz., Cedar Rapids, Iowa. It was sent there and approved there by the plaintiff. All machines and supplies, under the contract, were to be shipped to the defendant f. o. b. Cedar Rapids. That means they were delivered to the defendant at the freight station in that city. All business, therefore, which the plaintiff did, or was to do, under the contract was in, or was to be in, the State of Iowa. It did no business in this Commonwealth.

We, therefore, make absolute the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, and enter judgment for the plaintiff for the sum of $284.13.

From George Ross Eshleman, Lancaster, Pa.